## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER INTERFAITH, INC.; NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, INC., WORCESTER BRANCH; CASSANDRA BENSAHIH; JAMES BERRY; MARITZA CRUZ; HOLLI HILL; JESSENIA KOLACO; NELLY MEDINA; RUTH RODRIGUEZ-FAY; and DELIA VEGA,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CITY OF WORCESTER, MASSACHUSETTS; EDWARD M. AUGUSTUS, JR., in his official capacity as Worcester City Manager; NIKOLIN VANGJELI, in his official capacity as Worcester City Clerk; WORCESTER SCHOOL COMMITTEE; JOSEPH M. PETTY, in his official capacity as Mayor of the City of Worcester, City Councilor, and Chairman of the Worcester School Committee; DIANNA L. BIANCHERIA, LAURA CLANCEY, JOHN L. FOLEY, MOLLY O. MCCULLOUGH, JOHN F. MONFREDO, and TRACY O'CONNELL NOVICK, in their official capacities as members of the Worcester School Committee; WORCESTER BOARD OF ELECTION COMMISSIONERS; RICHARD DUFFY, KIMBERLY VANDERSPEK, WINIFRED OCTAVE, DANAAH MCCALLUM, and JOHN STEWART, in their official capacities as members of the Worcester Board of Election Commissioners; WORCESTER CITY COUNCIL; MORRIS A. BERGMAN, DONNA M. COLORIO, KHRYSTIAN E. KING, CANDY MERO-CARLSON, SARAI RIVERA, SEAN M. ROSE, GARY ROSEN, GEORGE J. RUSSELL, KATHLEEN M. TOOMEY, and MATTHEW E. WALLY, in their official capacities as City Councilors,<br><br>　　　　Defendants. | **Case No. 4:21-cv-40015-TSH**<br><br>**CONSENT DECREE** |

Plaintiffs filed this action alleging that the current at-large plurality method of electing members of the Worcester School Committee denies Worcester's Hispanic/Latino/a and Black voters an equal opportunity to elect candidates of their choice, in violation of Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301 ("Section 2") and the Fourteenth and Fifteenth Amendments to the United States Constitution. Without conceding a violation of the Voting Rights Act, Defendants wish to change the electoral system in Worcester and to submit to the jurisdiction of this Court for enforcement of the following Consent Decree (the "Decree"), which arises from the instant suit.

The parties, through counsel, have conferred extensively and agree that it is in the best interest of all parties that this lawsuit be resolved without the expense of protracted, costly and potentially divisive litigation. Accordingly, the parties agree to enter into the following Decree, through which the City of Worcester (the "City") and all City affiliated entities and individuals sued as defendants in their official capacities (collectively, "Defendants") commit to implementing a new method of electing members to the Worcester School Committee prior to the 2023 municipal elections.

## STIPULATIONS

The parties stipulate and agree as follows:

1. Defendant City of Worcester (the "City") is a city in the Commonwealth of Massachusetts.

2. Defendant Edward M. Augustus, Jr. is the appointed City Manager of the City of Worcester. Mr. Augustus is sued in his official capacity.

3. Defendant Nikolin Vangjeli is the City Clerk for the City of Worcester. Mr. Vangjeli is sued in his official capacity.

4. Defendant Worcester School Committee is responsible for the conduct of the public schools for the City of Worcester. See M.G.L. c. 43, § 95. The Worcester School Committee members are elected biennially by city-wide at-large plurality elections held in odd numbered years.

5. Defendant Joseph M. Petty is the Mayor of the City of Worcester, Massachusetts, a City Councilor, and Chairman of the Worcester School Committee. He is sued in each of his official capacities.

6. Defendants Dianna L. Biancheria, Laura Clancey, John L. Foley, Molly O. McCullough, John F. Monfredo, and Tracy O'Connell Novick are members of the Worcester School Committee. Each of these Defendants is sued in his or her official capacity.

7. Defendant Worcester Board of Election Commissioners is responsible for managing and conducting all municipal, state, and federal elections within the City of Worcester.

8. Defendants Richard Duffy, Kimberly Vanderspek, Winifred Octave, Danaah McCallum, and John Stewart are members of the Worcester Board of Election Commissioners. Each of these Defendants is sued in his or her official capacity.

9. Defendant Worcester City Council exercises the legislative powers of the City of Worcester, Massachusetts and is empowered pursuant to M.G.L. c. 43B, § 10 to amend the City Charter, which dictates that School Committee members are elected at-large.

10. Defendants Morris A. Bergman, Donna M. Colorio, Khrystian E. King, Candy Mero-Carlson, Sarai Rivera, Sean M. Rose, Gary Rosen, George J. Russell, Kathleen M. Toomey, and Matthew E. Wally are members of the Worcester City Council. Each of these Defendants is sued in his or her official capacity.

11.     The City of Worcester has seen significant growth in its non-white populations in recent years.  In 1980, for example, only 8.2% of Worcester's population identified as non-white.[1] Today, however, Worcester's non-white population makes up approximately 45% of the City's residents.[2]

12.     The student population of Worcester Public Schools is even more diverse than the city as a whole.  In the 2019-20 school year, the student population of Worcester Public Schools was 43.1% Hispanic/Latino/a, 29.1% white, and 16.9% Black/African American. Thus, Hispanic/Latino/a and Black students constitute a significant majority (~60%) of the Worcester Public School population.

13.     City-wide, the Hispanic/Latino/a and Black communities also constitute a significant portion of the population.  According to the U.S. Census Bureau's July 1, 2019 Population Estimates , 21.90% of Worcester residents identify as Hispanic or Latino and 13.3% of Worcester residents identify as Black or African American.  A slim majority of Worcester residents, 55.2%, identify as non-Latino whites.[3]

14.     Plaintiffs have alleged that Worcester's combined Hispanic/Latino/a and Black population is sufficiently numerous and geographically compact to form a majority of the total population, voting age population, and citizen voting age population in at least one district of a

---

[1] United States Census Bureau, *Massachusetts – Race and Hispanic Origin for Selected Large Cities and Other Places: Earliest Census to 1990*, CENSUS.GOV, https://web.archive.org/web/20121018075318/http:/www.census.gov/population/www/documentation/twps0076/MAtab.pdf (last visited Jan. 20, 2021).

[2] United States Census Bureau, *QuickFacts for Worcester, Massachusetts (Population Estimates as of July 1, 2019),* CENSUS.GOV, https://www.census.gov/quickfacts/worcestercitymassachusetts (last visited Sept. 17, 2021).

[3] United States Census Bureau, *QuickFacts for Worcester, Massachusetts (Population Estimates as of July 1, 2019)*, CENSUS.GOV, https://www.census.gov/quickfacts/worcestercitymassachusetts(last visited Sept. 17, 2021).

reasonable and properly-apportioned district-based electoral system for the Worcester School Committee.

15. Plaintiffs have further alleged that Worcester's Hispanic/Latino/a and Black voters are politically cohesive, meaning that they tend to vote together in support of similar candidates, and that Worcester's majority electorate votes as a bloc in support of different candidates, usually defeating the candidates preferred by Hispanic/Latino/a and Black voters.

16. Although Defendants do not concede that a Section 2 violation has occurred, a majority of Defendants believe that a change to Worcester's electoral system is in the best interest of Worcester's residents.

17. Accordingly, to avoid unnecessary, costly, and divisive litigation, Defendants voluntarily enter into this Decree and commit to implementing a new electoral system for electing members of the Worcester School Committee.

18. All Defendants, as well as Plaintiffs, welcome this opportunity to work together towards a change to Worcester's electoral system.  It is in the best interest of the residents of the City of Worcester, including Plaintiffs, to enter into this Decree, as this Decree sets forth a process for change that ensures an electoral system that is compliant with Section 2 and that is beneficial to all Worcester residents.

19. Plaintiffs and Defendants have the authority to enter into this Decree in good faith.

20. Further expenditure of resources and funds on litigation is not likely to be in the interest of Plaintiffs, Defendants, or the public.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

    A.    This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1343(a) and 28 U.S.C. § 1331.

    B.    This Court has jurisdiction to grant both declaratory and injunctive relief, pursuant to 28 U.S.C. §§ 2201 and 2202.

    C.    This Court has personal jurisdiction over the Defendants, all of whom reside in this district.

    D.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this district and because the Defendants reside in this district.

    E.    The current at-large plurality electoral system for the Worcester School Committee is a system that has the potential to result in an unlawful dilution of the Hispanic/Latino/a and Black population's vote in violation of Section 2 of the Voting Rights Act, which would deny Hispanic/Latino/a and Black residents of an equal opportunity to elect representatives of their choice.  It is in the best interests of all parties and the citizens of Worcester that the new electoral system ensures Hispanic/Latino/a and Black voters an equal opportunity to elect the candidates of their choice.

    F.    This Court has authority to impose an electoral system that ensures compliance with Section 2.

    G.    The parties agree that resolution of this matter will be achieved through the adoption of one of the following electoral systems (the "Agreed-To Electoral Systems") prior to the 2023 elections for electing members of the Worcester School Committee.  Under all of the Agreed-To Electoral Systems, as with Worcester's current electoral system, the Mayor shall be

chair of the School Committee by virtue of their election as Mayor. Each of the following Agreed-To Electoral Systems, if implemented as described in this Decree, would resolve the dispute between the parties:

> a. **District:** A single-member district-based system for electing all members of the Worcester School Committee with no at-large seats (the "Single Member System"). Under any such Single Member System, there shall be a total of six (6) single-member Worcester School Committee districts and six (6) Worcester School Committee members. Under any such Single Member System, the Worcester School Committee districts shall include at least two (2) majority minority single member districts where Hispanic/Latino/a and Black residents together comprise a majority of the citizen voting age population.
>
> b. **Hybrid A:** A hybrid system that combines single-member district-based seats with at-large seats. Under the Hybrid A System, the Worcester School Committee shall be comprised of seven (7) single-member district-based seats with at least two (2) majority minority single member districts where Hispanic/Latino/a and Black residents together comprise a majority of the citizen voting age population. The Hybrid A System shall have one (1) at-large seat. The at-large seat may be, but is not required to be, elected via plurality voting.
>
> c. **Hybrid B:** A hybrid system that combines single-member district-based seats with at-large seats. Under the Hybrid B System, the Worcester School Committee shall be comprised of six (6) single-member district-based seats with at least two (2) majority minority single member districts where Hispanic/Latino/a and Black residents together comprise a majority of the citizen voting age population. The

     Hybrid B System shall have two (2) at-large seats.  The at-large seats may be, but are not required to be, elected via plurality voting.

  H. Preliminary Elections.  Defendants shall retain the Preliminary Election provisions in the City of Worcester Charter (*see* Worcester City Charter, Art. 7, § 7-4(f)), which require a Preliminary Election if the number of candidates exceeds twice the number of seat(s) up for election at least through Worcester's 2025 municipal election.  After Worcester's 2025 municipal election, Defendants may change the City of Worcester Charter to alter or eliminate the Preliminary Election provisions provided that such alteration or elimination does not have a retrogressive effect on the voting opportunities of the Hispanic/Latino/a and Black communities in Worcester.

  I.  Defendants have the authority, under existing law, to enact and implement any of the Agreed-To Electoral Systems, subject to approval of a Home Rule Petition, as further detailed herein in Paragraph L.

  J. By no later than December 7, 2021, the City Council shall determine which among the Agreed-To Electoral Systems outlined in Paragraph G will provide the best electoral system options for the City of Worcester School Committee (the "Chosen Electoral System").  The City Council's determination shall be made in open session, with an opportunity for public comment.  Plaintiffs shall be notified of the date on which the City Council will make the determination at least fourteen (14) days in advance, and the item shall be regularly noticed on the City Council's agenda.

  K. In deciding on the Chosen Electoral System, the City Council shall consider whether to also change the City's method of electing City Council in order to align it with the

Chosen Electoral System.  However, any decision about whether or not to change the electoral system for City Council shall remain in Defendants' sole discretion.

L.      Upon selection of the Chosen Electoral System, with notice to Plaintiffs, Defendants shall adopt and enact a home rule petition, pursuant to the provisions of Section 8 of Article LXXXIX of the Amendments to the Constitution of the Commonwealth of Massachusetts ("Home Rule Petition"), to change the City of Worcester's electoral system for School Committee to the Chosen Electoral System.  The Home Rule Petition shall be adopted and submitted to the Massachusetts Legislature for approval within 30 days of the Defendants' selection of the Chosen Electoral System.  The Home Rule Petition shall not include any provisions unrelated to the implementation of the Chosen Electoral System and shall include language stating that it shall be effective upon passage by the Massachusetts Legislature.

M.      Defendants on the City Council, including the Mayor, shall vote in favor of the Home Rule Petition adopting the Chosen Electoral System.  Defendants shall not oppose, in their official capacities, adoption of the Home Rule Petition by the City Council and the Mayor, or the approval of the Home Rule Petition by the Massachusetts Legislature.  Defendants shall make good faith efforts to secure approval of the Home Rule Petition by the Massachusetts Legislature, to effectuate the purposes of this Decree.

N.      If the Defendants fail to comply with the timeline of events specified in Paragraphs J-L, or otherwise fail to adopt and submit to the Massachusetts Legislature a Home Rule Petition changing the City's electoral system, or if the Massachusetts Legislature declines to enact special legislation approving a Home Rule Petition by December 31, 2022, or if the Chosen Electoral System is not fully approved for any other reason by December 31, 2022, either party may notify the other that it plans to seek recourse to the Court as provided in this subsection.  The parties shall

each submit proposed election plans to the Court within 30 days of such notice. Each party shall have two (2) weeks to respond to the other party's proposed election plan. Each party shall have an additional two (2) weeks for replies. A hearing before this Court on the proposed election plans may be set by the Court. This Court retains jurisdiction to order into effect a method of election that satisfies the terms of this Decree and Section 2 of the Voting Rights Act pursuant to this paragraph. The Court shall select and order into effect the proposed election plan that best complies with Section 2 of the Voting Rights Act and case law interpreting that Act, and that best ensures that the voting power of Worcester's Hispanic/Latino/a and Black communities shall not be diluted (the "Court's Plan").

O. By no later than one (1) month after the Court's decision, Defendants on the City Council shall adopt and enact a Home Rule Petition implementing the Court's Plan if necessary. Defendants shall seek the support of the Massachusetts Legislature in enacting special legislation approving the Home Rule Petition. Defendants shall not oppose in their official capacities the Massachusetts Legislature's acting in favor of the Home Rule Petition or the Court's Plan. Defendants shall make good faith efforts to secure approval of the Home Rule Petition by the Massachusetts Legislature, to effectuate the purposes of this Decree.

P. For the process described above and for any electoral system that is enacted pursuant to this Decree, Defendants shall undertake a robust public education campaign to educate Worcester residents regarding the potential changes to the City's electoral system and how any new electoral system that is implemented functions (the "Public Education Campaign"). The Public Education Campaign shall include, at a minimum, community forums and print materials providing Worcester residents information regarding: (1) the Chosen Electoral System (after its selection by the City Council); and (2) any electoral system enacted pursuant to this Decree,

including but not limited to instructing voters on how the new system works and how voters will vote under the new system (following the enactment of the electoral system, and through the November 2023 elections). In formulating the Public Education Campaign, in addition to any other steps Defendants may choose to take, Defendants shall consult with and seek the assistance of non-profit agencies serving the Hispanic/Latino/a and Black populations in Worcester so as to maximize public education opportunities for these communities. Defendants shall make all information conveyed in English during the Public Education Campaign, equally available, at a minimum, in Spanish, and in any other language spoken by more than 5% of Worcester residents.

Q. Defendants, and their officers, agents, and successors in office, and all persons acting in concert with them, shall not conduct any election for the Worcester School Committee after the November 2021 election utilizing the current at-large plurality electoral system. Notwithstanding the foregoing, Defendants may, in the event that a seat on the School Committee is vacated prior to the November 2023 election, appoint a successor School Committee member pursuant to the procedures as set forth under the current system.

R. District boundaries shall be drawn in accordance with the parameters described in Paragraph G and in consultation with an independent expert retained and paid for by the City that is acceptable to both Plaintiffs and Defendants. Plaintiffs shall be provided with all data, analysis, and proposed district maps prepared by the independent expert and shall be afforded the opportunity to meet with and provide feedback to the independent expert during the district-drawing process; however, the final decision regarding district boundaries shall rest with the independent expert.

S. District boundaries shall be drawn to optimally meet and protect (1) the Plaintiffs' interest in ensuring that the Hispanic/Latino/a and Black populations in the City of Worcester have

an equal opportunity to elect representatives of its choice, and (2) the City's interest in ensuring that any adopted election districts are fully compliant with the Voting Rights Act and other applicable state and federal law. District boundaries shall be drawn within three (3) months of the adoption by Defendants of the Home Rule Petition using the most recent U.S. Census data.

   T. Every School Committee Member ("Member") who is elected to represent an individual district shall have been a resident of the district for which the Member is chosen for at least one year immediately preceding that Member's election. For the 2023 election only, if the independent expert has not made a final decision as to district boundaries by September 1, 2022, then the date by which a Member must have been a resident of the district shall be sixty (60) days following the final decision of the independent expert as to the district boundaries. In the event that a Member re-locates his/her residence to a different district within the City during his/her term of office, such Member will be permitted to serve the remainder of their two-year term but, per the earlier provisions of this paragraph, will not be eligible for reelection in the same district. Each Member shall be elected by and from the voters from that district only.

   U. For any future redistricting, any districts shall be designed in accordance with applicable federal and state law, including, without limitation, Section 2 of the Voting Rights Act of 1965, and shall not have a retrogressive effect on the voting opportunities of the Hispanic/Latino/a and Black communities in Worcester. Defendants shall take all actions necessary to ensure any future redistricting complies with the requirements of this paragraph, including but not limited to, retaining an independent experienced and appropriately qualified consultant, if necessary. If Defendants determine that retaining an independent consultant is not necessary, Defendants shall, upon request, provide Plaintiffs' counsel sufficient internal analysis to demonstrate compliance with this paragraph.

V. The Court reserves jurisdiction of this matter to enforce the provisions of this Decree and for such further relief as may be appropriate in connection with this lawsuit. Plaintiffs retain the ability and right to seek relief from this Court or any other court of competent jurisdiction to ensure compliance with this Decree.

W. All litigation activities relating to this lawsuit other than those necessary to effectuate the provisions of this Decree shall be suspended pursuant to the parties' compliance with the terms of this Decree. This Decree, if adhered to, shall resolve all claims relating to this action.

X. Defendants shall pay Plaintiffs' counsel attorneys' fees and costs (including, without limitation, the fees and costs of any experts engaged by such counsel) in an amount to be negotiated by the Parties following entry of this Decree. If the Parties are unable to reach agreement on an amount within ninety (90) days of entry of this Decree, Plaintiffs may file a Motion For Reasonable Attorneys' Fees And Costs with the Court, which Defendants may oppose, and the Court shall determine the amount to be paid. Whether negotiated by the Parties or awarded by the Court, Plaintiffs agree that they Plaintiffs shall not be entitled to any additional fees or costs for any work on this case performed following entry of the Consent Decree, including any monitoring and implementation of this Decree, provided only that they shall be entitled to reasonable attorneys' fees and costs if they bring a motion to compel compliance with the Decree pursuant to Paragraph U and are determined by the Court to be prevailing parties on such motion. Plaintiffs may also seek fees for time expended on any Motion For Reasonable Attorneys' Fees And Costs, in the event that the Parties are unable to reach agreement on a fee amount as provided above.

-14-

SO ORDERED this 26 day of October, 2021.

        /s/ Timothy S. Hillman

Timothy S. Hillman
UNITED STATES DISTRICT JUDGE

As requested by:

        WORCESTER INTERFAITH, INC.; NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, INC., WORCESTER BRANCH; CASSANDRA BENSAHIH; JAMES BERRY; MARITZA CRUZ; HOLLI HILL; JESSENIA KOLACO; NELLY MEDINA; RUTH RODRIGUEZ-FAY; and DELIA VEGA

By their attorneys:

*/s/ Brian M. Alosco*
Rebecca M. Lecaroz (BBO # 666860)
Wayne F. Dennison (BBO # 558879)
Brian M. Alosco (BBO # 693899)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Fax: (617) 856-8201
rlecaroz@brownrudnick.com
wdennison@brownrudnick.com
balosco@brownrudnick.com

Oren M. Sellstrom (BBO # 569045)
LAWYERS FOR CIVIL RIGHTS
61 Batterymarch Street, Fifth Floor
Boston, MA 02110
Telephone: (617) 988-0608
Fax: (617) 482-4392
osellstrom@lawyersforcivilrights.org

CITY OF WORCESTER, MASSACHUSETTS; EDWARD M. AUGUST, JR., in his official capacity as Worcester City Manager; NIKOLIN VANGJELI, in his official capacity as Worcester City Clerk; WORCESTER SCHOOL COMMITTEE; JOSEPH M. PETTY, in his official capacity as Mayor of the City of Worcester, City Councilor, and Chairman of the Worcester School Committee; DIANNA L. BIANCHERIA, LAURA CLANCEY, JOHN L. FOLEY, MOLLY O. MCCULLOUGH, JOHN F. MONFREDO, and TRACY O'CONNELL NOVICK, in their official capacities as members of the Worcester School Committee; WORCESTER BOARD OF ELECTION COMMISSIONERS; RICHARD DUFFY, KIMBERLY VANDERSPEK, WINIFRED OCTAVE, DANAAH MCCALLUM, and JOHN STEWART, in their official capacities as members of the Worcester Board of Election Commissioners; WORCESTER CITY COUNCIL; MORRIS A. BERGMAN, DONNA M. COLORIO, KHRYSTIAN E. KING, CANDY MERO-CARLSON, SARAI RIVERA, SEAN M. ROSE, GARY ROSEN, GEROGE J. RUSSELL, KATHLEEN M. TOOMEY and MATTHEW E. WALLY, in their official capacities as City Councilors,

By their attorneys:

*/s/ Michael E. Traynor*
Michael E. Traynor (BBO#551198)
City Solicitor
Wendy L. Quinn (BBO#653954)
Assistant City Solicitor
City of Worcester Law Department
City Hall, Room 301
455 Main Street
Worcester, MA 01608
Telephone: (508) 799-1161
Fax: (978) 453-1510
traynorm@worcesterma.gov
quinnwl@worcesterma.gov